UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW TILLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-491-JAR |
| ) | |
| CITY OF CHARLACK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Count II (ECF No. 9). Therein, Defendants contend that Count II for "Violation of Procedural Due Process Rights" fails to state a claim. This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Matthew Tilley ("Tilley") alleges the following in his Complaint: Tilley was hired as a police officer for the City of Charlack ("the City"), a Fourth Class City, in August 2012. (Complaint, ECF No. 1, ¶¶2, 9). Tilley was an at-will employee of the City, pursuant to §79.240, R.S. Mo. (Complaint, ¶9) Tilley could only have been terminated by a majority vote of the Board of Alderman ("Board"), with the Mayor's support, or two-thirds of the Board, without the Mayor's support. (Id.).

On or about December 3, 2013, Tilley notified KSDK (Channel 5) regarding two issues with the Charlack Police Department. (Complaint, ¶10). First, the Charlack Police Department's refrigerated evidence locker was unsecure because it was located in the City's lunchroom and protected only by evidence tape (not a lock). Second, the Charlack Police Department was storing police reports that contained names, dates of birth, and social security

ˇ 1 ˇ

numbers that would permit identity theft in an unlocked trailer. KSDK aired a report regarding Tilley's complaints on December 3, 2013. (Complaint, ¶14). Defendants attempted to fire Tilley at several Board meetings and he was successfully terminated at the January 28, 2014 Board meeting. (Id.). In correspondence dated February 4, 2014, Tilley was notified that his employment with the City was terminated on January 28, 2014 by Defendants Andre Morice and David Illick, members of the City's Board of Aldermen ("Board").[1] (Complaint, ¶15). Tilley was not provided any reason for his discharge by Defendants.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

---

[1] Defendants Morice and Illick both voted to terminate Tilley's employment. (Complaint, ¶¶3. 31). Tilley also alleges causes of action against the acting Chief of Police, Lt. Anthony Fanara, whom Tilley claims recommended his termination. (Complaint, ¶4)

## DISCUSSION

In Count II of Plaintiff's Complaint, he alleges a claim for "Violation of Procedural Due Process Rights" in contravention of the Fourteenth Amendment to the United States Constitution. See Complaint, ¶33. Under §79.240, Tilley only could have been terminated by a majority vote of the Board with the Mayor's approval or a 2/3 vote of the Board without the Mayor's approval. (Complaint, ¶29). Tilley alleges that Mayor Mattingly did not support his termination. (Complaint, ¶30). Further, Tilley contends that he could not have been terminated by a 2/3 vote of the Board because only 2 Aldermen voted for his termination. (Complaint, ¶31). Tilley claims that if the procedural requirements of §79.240 had been complied with then he would not have been terminated. (Complaint, ¶32). Thus, Tilley claims that his employment with the City was terminated in contravention of the Fourteenth Amendment of the Constitution of the United States when he was denied the procedural protections of §79.240, R.S.Mo.

Defendants claim that Count II for "Violation of Procedural Due Process Rights" should be dismissed because Tilley had no property interest in continued employment with the City. (Memorandum in Support of Defendants' Motion to Dismiss Count II ("Memorandum"), ECF No. 9, at 2). Defendants assert that absent a property interest, Tilley has no federal claim for violations of his procedural rights. (Memorandum at 9) (citing McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012), quoting Dobrovolny v. Moore, 126 F.3d 1111, 1113 (8th Cir.1997) ("The possession of a protected life, liberty or property interest is a condition precedent to the government's obligation to provide due process of law, and where no such interest exists, there can be no due process violation."). Defendants note that Tilley attempts to raise a federal due process claim because the City allegedly failed to comply with the requirements of Mo.Rev.Stat. §79.240.1. Defendants, however, maintain that a violation of §79.240.1 does not present a

## DISCUSSION

In Count II of Plaintiff's Complaint, he alleges a claim for "Violation of Procedural Due Process Rights" in contravention of the Fourteenth Amendment to the United States Constitution. See Complaint, ¶33. Under §79.240, Tilley only could have been terminated by a majority vote of the Board with the Mayor's approval or a 2/3 vote of the Board without the Mayor's approval. (Complaint, ¶29). Tilley alleges that Mayor Mattingly did not support his termination. (Complaint, ¶30). Further, Tilley contends that he could not have been terminated by a 2/3 vote of the Board because only 2 Aldermen voted for his termination. (Complaint, ¶31). Tilley claims that if the procedural requirements of §79.240 had been complied with then he would not have been terminated. (Complaint, ¶32). Thus, Tilley claims that his employment with the City was terminated in contravention of the Fourteenth Amendment of the Constitution of the United States when he was denied the procedural protections of §79.240, R.S.Mo.

Defendants claim that Count II for "Violation of Procedural Due Process Rights" should be dismissed because Tilley had no property interest in continued employment with the City. (Memorandum in Support of Defendants' Motion to Dismiss Count II ("Memorandum"), ECF No. 9, at 2). Defendants assert that absent a property interest, Tilley has no federal claim for violations of his procedural rights. (Memorandum at 9) (citing McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012), quoting Dobrovolny v. Moore, 126 F.3d 1111, 1113 (8th Cir.1997) ("The possession of a protected life, liberty or property interest is a condition precedent to the government's obligation to provide due process of law, and where no such interest exists, there can be no due process violation."). Defendants note that Tilley attempts to raise a federal due process claim because the City allegedly failed to comply with the requirements of Mo.Rev.Stat. §79.240.1. Defendants, however, maintain that a violation of §79.240.1 does not present a

question of constitutional significance sufficient to state a claim under §1983. (Memorandum at 3)(citing Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000)).

In response, Tilley recognizes that he was an at-will employee but claims that he had a property right in his continued employment based upon the statute that limited the City's ability to terminate his employment. (Plaintiff's Response to Defendants' Motion to Dismiss Count II ("Response"), ECF No. 11). Tilley notes that the Eighth Circuit held in Hammer v. City of Osage Beach, MO, 318 F.3d 832, 838 (8th Cir. 2003), a §1983 action, that the "district court correctly ruled that [plaintiff's] termination did not violate Mo.Rev.Stat. §79.240 as a matter of law" when the city complied with the statute. Tilley claims that this ruling indicates that a procedural due process claim under §1983 is viable based upon a violation of Mo. Rev. Stat. §79.240. (Response at 2).

The Court holds that Tilley cannot state a claim under the Constitution's Fourteenth Amendment due process protections in Count II for alleged violations of a state statute, §79.240, R.S. Mo. See Doe, 214 F.3d at 955 (citing Ebmeier v. Stump, 70 F.3d 1012, 1013 (8th Cir.1995)("Violations of state law do not state a claim under 42 U.S.C. § 1983."). "'Section 1983 guards and vindicates federal rights alone.'" Id. Courts have consistently held that Section 79.240.1 does not provide at-will employees with a protected property or liberty interest. See Singleton v. Cecil, 955 F. Supp. 1164, 1167 (E.D. Mo. 1997), rev'd, on other grounds by 155 F.3d 983 (8th Cir. 1998) ("plaintiff did not have a liberty or property interest in his employment that implicated procedural due process"); Armer v. City of Salem, 861 F.2d 514, 515 (8th Cir. 1988)("under Missouri law fourth-class city police officers do not have a property interest in their jobs implicating due process requirements."). The Court notes that in Hammer v. City of Osage Beach, MO the Eighth Circuit never addressed whether the plaintiff had a protectable property interest in his employment. The Eighth Circuit instead determined that the plaintiff's termination

did not violate Mo.Rev.Stat. §79.240 as a matter of law, without any discussion of whether the plaintiff had a property interest in his employment. Id., 318 F.3d at 838.[2]

The Court holds that Tilley fails to state a claim in Count II because he had no protected property interest in his continued employment as a police officer with the City. Therefore, Tilley could not have federal due process rights arising out of such an interest and Count II must be dismissed.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count II [9] is **GRANTED**. Count II of the Complaint is **DISMISSED WITH PREJUDICE**.

Dated this 27th day of June, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] Interestingly, the Eighth Circuit noted, in a separate section, that an at-will employee generally does not have an protected liberty interest in continued employment. Hammer, 318 F.3d at 839. The Court, however, held that the plaintiff's liberty interests were implicated because he was terminated in connection with publicized allegations of illegal or improper conduct. Id.

[3] The Court notes that Plaintiff could have brought a mandamus action in state court to assert that his termination was unlawful because it did not comply with the requirements of §79.240, R.S. Mo. See State ex rel. Ciaramitaro v. City of Charlack, 679 S.W.2d 405 (Mo. Ct. App. 1984); State ex rel. Gorris v. Mussman, 612 S.W.2d 357 (Mo. Ct. App. 1980).